IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00815-MSK-MEH

ROCKY MOUNTAIN MORTGAGE SPECIALISTS, INC.,

    Plaintiff,

v.

FIRST AMERICAN REAL ESTATE INFORMATION SERVICES, INC.,
t/d/b/a FIRST AMERICAN CREDCO,

    Defendant.

## ORDER DENYING MOTIONS TO ENFORCE SETTLEMENT AGREEMENT, AND DIRECTING THE CLERK OF COURT TO UNSEAL DOCUMENTS AND CLOSE THE CASE

THIS MATTER comes before the Court on the parties' cross-motions **(#24/#25, #30/#31)** to enforce a settlement agreement resolving all claims in this litigation, or in the alternative, to extend discovery deadlines. The Magistrate Judge filed a sealed recommendation **(#42/#43)** that the Plaintiff's motion be granted, in part, and that the Defendant's motion be denied.

### I. Jurisdiction

Solely for purposes of addressing the instant motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Issue Presented

In this action, the Plaintiff, Rocky Mountain Mortgage Specialists, Inc. ("Rocky Mountain") asserted state law claims against the Defendant, First American Real Estate Information Services, Inc. ("Credco"). Credco removed the action to this Court, invoking the

Court's subject matter jurisdiction under 28 U.S.C. § 1332. At a settlement conference held before the Magistrate Judge, representatives and counsel for both parties signed a document entitled "Draft Settlement Agreement–Confidential" (the "Settlement Agreement"), which states, in its entirety:

1. Plaintiff agrees to release all claims regarding the five loans listed in the Complaint that were or could have been brought, whether known or unknown, against Defendant in this lawsuit.

2. This settlement is a compromise of disputed claims. No party admits any liability to the other party.

3. Defendant shall pay the total sum of two hundred thousand dollars ($200,000) to Plaintiff within ~~ten~~ 30 days of the execution of the Final Settlement Agreement.

4. Both parties agree to a mutual confidentiality clause.

5. Defendant's counsel will take the lead in drafting a Final Settlement Agreement, and counsel for Plaintiff will cooperate, and will assist in preparing a Stipulation of Dismissal with Prejudice to be filed within ~~20~~ 30 days.

Both parties agree that the Settlement Agreement is a binding contract which ends this litigation, but they each argue for a different interpretation of one of its terms.[1] Specifically, the parties disagree with regard to what language should be used in the Final Settlement Agreement's release of claims referred to in paragraph 1 of the Settlement Agreement. As a consequence, they have filed cross-motions seeking enforcement of the Settlement Agreement.[2]

---

[1] Credco also argues, however, that if the Court disagrees with its interpretation of the Settlement Agreement, then it should find there was no contract. Due to Credco's prior representation that the Settlement Agreement should be enforced, this "alternative" argument is irreconcilably inconsistent, and thus the Court disregards it.

[2] Rocky Mountain filed its motion first. In lieu of a response to the motion, Credco filed a cross-

Court's subject matter jurisdiction under 28 U.S.C. § 1332. At a settlement conference held before the Magistrate Judge, representatives and counsel for both parties signed a document entitled "Draft Settlement Agreement–Confidential" (the "Settlement Agreement"), which states, in its entirety:

1. Plaintiff agrees to release all claims regarding the five loans listed in the Complaint that were or could have been brought, whether known or unknown, against Defendant in this lawsuit.

2. This settlement is a compromise of disputed claims. No party admits any liability to the other party.

3. Defendant shall pay the total sum of two hundred thousand dollars ($200,000) to Plaintiff within ~~ten~~ 30 days of the execution of the Final Settlement Agreement.

4. Both parties agree to a mutual confidentiality clause.

5. Defendant's counsel will take the lead in drafting a Final Settlement Agreement, and counsel for Plaintiff will cooperate, and will assist in preparing a Stipulation of Dismissal with Prejudice to be filed within ~~20~~ 30 days.

Both parties agree that the Settlement Agreement is a binding contract which ends this litigation, but they each argue for a different interpretation of one of its terms.[1] Specifically, the parties disagree with regard to what language should be used in the Final Settlement Agreement's release of claims referred to in paragraph 1 of the Settlement Agreement. As a consequence, they have filed cross-motions seeking enforcement of the Settlement Agreement.[2]

---

[1] Credco also argues, however, that if the Court disagrees with its interpretation of the Settlement Agreement, then it should find there was no contract. Due to Credco's prior representation that the Settlement Agreement should be enforced, this "alternative" argument is irreconcilably inconsistent, and thus the Court disregards it.

[2] Rocky Mountain filed its motion first. In lieu of a response to the motion, Credco filed a cross-

The issue presented is whether, and if so, how, the Settlement Agreement should be enforced.

### III. Analysis

In asking for, and recommending, enforcement of the Settlement Agreement, the parties and the Magistrate Judge assume that this Court has authority to do so. They rely primarily upon *dicta* from the Tenth Circuit's decision in *Shoels v. Klebold,* 375 F.3d 1054, 1060 (10th Cir. 2004), in which the Tenth Circuit quoted from *United States v. Hardage*, 982 F.2d 1491 (10th Cir. 1993), that: "A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it."

However, the facts of *Shoels* and *Hardage* are both distinguishable from this case. In *Shoels*, a factual dispute arose as to whether the parties to a lawsuit entered into a binding agreement to settle their claims (*i.e.*, one side contended, *inter alia*, that its attorney did not have authority to settle the claims and that the terms of the settlement were too vague to constitute a binding agreement). The district court held an evidentiary hearing, found that there was a binding contract, and the Tenth Circuit affirmed. Similarly, *Hardage* involved a factual dispute as to whether a settlement agreement had been reached. The Tenth Circuit vacated the district court's order enforcing the agreement because it had failed to hold an evidentiary hearing to resolve the factual dispute. Thus, this caselaw stands for the proposition that if there is a factual dispute as to whether a settlement agreement was entered, the district court may, and probably

---

motion. Rocky Mountain then filed a "reply" **(#36/#38)**, which Credco construed as a "response" to the cross-motion, and then Credco also filed a "reply" **(#40)**. From a technical standpoint, the matter is not properly briefed in accordance with D.C.COLO.LCivR 7.1. Nevertheless, the parties have fully presented their arguments.

should, hold an evidentiary hearing to determine whether there is an enforceable settlement agreement or not.

This case presents a different issue, however. In this case, there is no factual dispute as to whether there is a settlement agreement that resolves all claims in this lawsuit. Indeed, the parties agree that their Settlement Agreement resolved all of the claims.[3] The Settlement Agreement did not require the Court's approval for it to be effective. As a consequence, the claims and this Court's jurisdiction over them were extinguished when the agreement was formed.

The current dispute is essentially one for enforcement (*i.e.* specific performance) of a contract, the Settlement Agreement. The Settlement Agreement did not reserve jurisdiction for this Court to resolve disputes about its interpretation, scope, or enforcement. In such event, it is not clear the Court has subject matter jurisdiction to consider the current dispute. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 381-82 (1994); *Doña Ana Mut. Domestic Water Consumers Ass'n v. City of Las Cruces, New Mexico,* 516 F.3d 900, 906 (2008). However, even if the Court has both continuing subject matter jurisdiction and some inherent authority to enforce the Settlement Agreement, the Court declines to do so.

In this action the parties have sought to keep their agreement confidential. As a consequence they have requested that all pleadings concerning it be sealed. Although

---

[3] Rocky Mountain characterizes it as "complete, clear and unambiguous"; Credco states that the Settlement Agreement's "dominant purpose was to fully and finally resolve all litigation between the parties" and that it ends this litigation.

4

agreements that resolve disputes between parties might arguably be treated as confidential[4], it is a rare circumstance that a civil dispute and its resolution should be kept confidential.

The Supreme Court acknowledged a common-law right of access to judicial records in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system. *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (J. Kane).

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a particular court document should be sealed. *See Nixon,* 435 U.S at 599. Only in the rarest of cases is the sealing of documents appropriate – for example, cases involving intensely personal issues such as abortion or birth control, or cases pertaining to the welfare of children. *See Doe v. F.B.I.*, 218 F.R.D. 256, 259 (D. Colo. 2003).[5]

---

[4] For instance, in *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 143-44 (2d Cir. 2004), the amount of a confidential settlement, which was part of the record due only to questioning by the court, was required to be sealed. There is also some authority for the proposition that parties seeking to enforce a settlement agreement are obligated to make their request under seal so as not to violate a confidentiality agreement. *See Baella-Silva v. Hulsey,* 454 F.3d 5, 11-12 (1st Cir. 2006).

[5] In furtherance of the common law right of access to court records, the United States District Court for the District of Colorado promulgated D.C.COLO.LCivR 7.2, which provides in relevant part:
> A. Scope. Upon motion and a showing of compelling reasons, a judicial officer may order that:
> 1. all or a portion of papers and documents filed in a case shall

(continued...)

This Court is loathe to address the parties' new contract dispute outside of public view. Since this action has been resolved, their new dispute could give rise to another. In resolving such dispute, the parties may choose to initiate a new action in a public forum making it subject to public scrutiny, or to seek private mediation or arbitration.

**IT IS THEREFORE ORDERED** that the cross-motions to enforce the Settlement Agreement **(#24/#25, #30/#31)** are **DENIED**. The Court declines to adopt the Recommendation **(#42/#43)**. The Clerk of Court shall lift the seal on the documents filed at **#24, #30, #36, #40, #42, #45**. The Clerk of Court is directed to close this case.

Dated this 16th day of September, 2008

                                          **BY THE COURT:**

                                          *Marcia S. Krieger* (signature)

                                          Marcia S. Krieger
                                          United States District Judge

---

[5](...continued)
        be sealed; or
        2. all or a portion of court proceedings shall be closed to the public.
    B. Motion to Seal. Any motion to seal or otherwise restrict public access shall describe, at a minimum:
        1. the nature of the materials or proceedings at issue;
        2. the legitimate private or public interests that warrant the relief sought;
        3. the clearly defined and serious injury that would result if the relief sought is not granted; and
        4. why a less restrictive alternative to the relief sought is not available. . . .